15CV 0813

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2015 FEB -3  A II: 58

-------------------------------------------------X

JOSE BERNAZARD, #4411306200

           Plaintiff,

    -against-

JOSEPH KOCH, NEW YORK
CITY POLICE DERPARTMENT,

           Defendant.

-------------------------------------------------X

**COMPLAINT UNDER
CIVIL RIGHTS ACT,
42 U.S.C. 1983**

Jury Trial Demanded

## COMPLAINT INTRODUCTION

**1)**. Plaintiff, Jose Bernazard, bring this action against Police Officer Joseph Koch, and the New York City Police Department, and The City of New York for money damages brought pursuant to 42 U.S.C. 1983, and 1988, to redress the deprivation of rights secured to plaintiff by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the aforementioned statutory provisions in their individual and official capacity.

## JURISDICTION

**2)**. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331, 1341, (3) (4), and 42 U.S.C. 1983.

## VENUE

**3)**. Venue is proper in this District Pursuant to 28 U.S.C. 1391.

**4)**.  It is alleged that the individual Police Officer Joseph Koch, who worked under the 101 Precinct Command in the County of Queens, used excessive force, police brutality, and illegally arrested and detained plaintiff in an attempt to cover up the fact that he was having a secret relationship with Christina Rodriquez.

# I PARTIES

5). Plaintiff is and was at all times relevant herein a citizen of the United States and resides at:

A).   **Plaintiff**: Jose Bernazard,  #4411306200

G.M.D.C. 15-15 Hazen St.

East Elmhurst, New York 11370

B).   **Defendant Number One:**

Joseph Koch, Shield No. #NA

200 Roquette Ave.

Flora Park, New York  11001

**Defendant Number Two:**

The New York City Police Department

One Police Plaza

New York, New York 10038

**Defendant Number Three**

The City of New York

City Hall

New York, New York 10007

## II STATEMENT OF CLAIM AND FACTS:
## FIRST CAUSE OF ACTIN AINST INDIVIDUAL DEFENDANT

6). I, Jose Bernazard, (hereafter, Plaintiff), had maintain a common law relationship with Christina Rodriquez, (hereafter, Rodriquez), for approximately two years. At which time we lived together and shared an apartment at 144-22 South Road, Jamaica, New York.

2

7). On or about June 16, 2013, at approximately 10:00 p.m., plaintiff unexpectedly return home. Upon arrival, plaintiff noticed Rodriquez reaction and demeanor to his unexpected return was different. Rodriquez began and argument with plaintiff for no apparent reason in an attempt to conceal the fact that someone unknown was in the apartment hiding.

8). During the argument, it was learned that Rodriquez was having a sexual relationship with defendant Joseph Koch, (hereafter, Koch), who plaintiff did not know. At this time defendant Koch appeared, never identified himself as a police officer and brandished what appeared to be a gun in his right hand.

9). As defendant Koch, approached plaintiff and pointed the gun in his face. Fearing for his life, plaintiff attempted to move the gun away from his face and was shot in his left hand first and in his left hip area.

10). In defense of his life, plaintiff pushed/shoved defendant Koch away from him toward a wall to prevent defendant Koch from shooting him again. Plaintiff fell and as defendant Koch hit a wall that broke causing defendant Koch to fall to the floor.

11). The butt of defendant Koch's gun hit the floor causing it to discharge a third time striking defendant Koch in his left hand and travel through a living-room couch and penetrated a nightstand.

12). As plaintiff attempted to stand up, he was attacked from behind by Rodriquez who struck plaintiff with an unknown object in the back of his head preventing him from getting up off the floor.

13). At this time, defendant Koch stood up and shoot plaintiff in the center of his neck causing him to fall on a couch unconscious leaving him in critical condition.

14). Despite the fact that plaintiff had committed no crime or broken any law, he was arrested with no probable cause and a number of documents was falsified to secure the said false arrest.

15). Said arrest was in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SENOCD CAUSE OF ACTION AGAINST INDIVIDUAL DEFENDANTS

16). Paragraphs 1-15 are incorporated herein by reference.

17). The defendants the New York City Police Department and The City of New York has grossly failed to train its police officers in the fundamental law of identifying themselves as police officers effecting arrest and use of force in the State and City of New York.

18). The defendants the New York City Police Department and The City of New York have encouraged a policy of false arrests and assaults or of ratifying same by systemic deficiencies in disciplining officers or investigation of complaints.

19). The foregoing acts, omissions, and systemic failures are customs and policies of the New York City Police Department and The City of New York and cause defendant Joseph Koch, of the New York City Police Department to believe that determination of the, amount of allowable legal force was within his discretion and that complaints of illegal arrest and falsifying documents along with the use of excessive force would not be honestly or properly investigated, with the foreseeable result that defendant Joseph Koch would be likely to illegally arrest and to use improper force.

20). As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the New York City Police Department, The City of New York, and defendant Joseph Koch used excessive force, falsified a number of documents to secure the said false arrested of plaintiff with no probable cause despite the fact that plaintiff had committed no crime or broken any law.

## THIRD CAUSE OF ACTION AGAINST INDIVIDUAL DEFENDANTS

21). Paragraphs 1-20 are incorporated herein by reference.

21). The defendants, the New York City Police Department, The City of New York, and Joseph Koch, acting in their individual capacities and under color of law, having conspired together and with other, reached a mutual understanding and acted to undertake a course of conduct that violated plaintiff's civil rights, to wit:

**a.** The defendant agreed and acted with others to use force that was excessive, and shoot plaintiff a total of three times.

**b.** The defendants agreed and acted with others to punish plaintiff for having exercised constitutionally protected rights.

**c.** The defendants agreed and acted to intentionally falsify a number of documents to secure a false arrest and imprison plaintiff as aforedescribed.

**d.** The defendants agreed and acted to intentional fabricate ballistic reports from the crime scene, eliminated DNA evidence, moved nightstand evidence, and contrive the charges lodged against plaintiff as aforedescribed.

**e.** The defendants agreed and acted to intentionally submit false police reports, statements, and testimony to support and corroborate the fabricated charges lodged against plaintiff.

## III INJURIES:

22). Plaintiff was shot in the left hand causing severe damage to left thumb limited movement due to muscle and severe tissue damaged. Small amounts of bullet fragments are still situated in the left hand area. Plaintiff underwent hand specialist surgery to repair damaged muscle, nerve tissues, bone fractures. Plaintiff has limited movement to his left hand and thumb. Moderate sensation to his left thumb. Scar tissue remains present and visible.

23). Plaintiff was shot to the left hip abdominal areas. The bullet damaged the bladder organ and a Pelvic hip fracture causing permanent deformity to his Iliac bone. Small bullet fragments remain situated in plaintiff's pelvic area. Plaintiff has limited movement while walking, and scar remains visible.

24). Plaintiff suffered a gunshot to the center of his neck causing severe cervical spine damage which fractured the C-2, and C-3 vertebra, that almost left plaintiff paralyzed from his heck down. Small amounts of bullet fragments still situated in plaintiff's neck area. Plaintiff underwent a neurosurgeon operations and the L-shape incision remains visible.

25). Plaintiff underwent a second surgery to remove the bullet that could not be removed during the above procedure due to the possibility of permanent paralyzation. Plaintiff underwent physical therapy and various medical procedures and diagnosis. Plaintiff was placed in an induced coma so that the above number of surgeries could be preformed

26). Plaintiff was falsely arrest, detained and false charges were filed against plaintiff in as attempt to cover-up defendant Koch's relationship with Rodriquez and the blatant violation of plaintiff's Constitutional Rights.

### IV. Exhaustion of Administrative Remedies:

27). The exhaustion requirement is not applicable in the instant case. In any event, plaintiff filed a complaint to the Civilian Complaint Review Board on or about December 2014.

### V. Previous Law Suits:

28). None.

29). Plaintiff demand(s) a trial by JURY.

## RELIEF:

30). **WHEREFORE**, plaintiff prays that this Court grant the following relief: **1**. Twenty

Million ($20,000,000.00), Intentional Damages; **2**. Twenty Million ($20,000,000.00),

Punitive Damages: **3**. Twenty Million ($20,000,000.00), Compensatory Damages; and **4**.

Twenty Million ($20,000,000.00), Future Damages, and award such other and further relief as

this Court may deem appropriate.

I, Jose Bernazard, declare under penalty of perjury that the forgoing is true and correct.

DATE: *January 30, 2015*

*Jose Bernazard*
_____
Jose Bernazard #4411300200, Plaintiff Pro se
15-15 Hazen St.
East Elmhurst, New York 11370




I declare under penalty of perjury that on this 30th day of January 2015
2015, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the
United States District Court of the Southern District of New York.

*Jose Bernazard*
_____
Jose Bernazard, Pro Se

7

JOSE Bernazard #441-13-06200
G.M.D.C. Bldg C-73
15-15 HAZEN STREET
East Elmhurst NY 11370



UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET, ROOM # 230
NEW YORK, NEW YORK 10007

RECEIVED
SDNY PRO SE OFFICE
2015 FEB -3 A 11:51